D. Michael Eakin
Eakin, Berry & Grygiel, PLLC
2815 Montana Avenue
P.O. Box 2218
Billings, Montana 59103
Phone: (406) 969-6001 Fax:
(406) 969-6007
eakin.406law@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br>Plaintiff,<br><br>vs.<br><br>AWE KUALAWAACHE CARE CENTER, PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br>Defendants. | Case No. __________________<br><br>COMPLAINT WITH JURY DEMAND |

TYPE OF ACTION

1. This is a civil RICO action brought pursuant to 18 U.S.C. § 1964. The underlying violations of federal law are acts violating 18 U.S.C. § 1513 relating to retaliation against witnesses.

JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and a specific grant of federal jurisdiction in 18 U.S.C. § 1964(c).

PARTIES

3. Plaintiff is a citizen of Montana residing in Rosebud, County, Montana.

4. Defendant Awe Kualawaache Care Center (hereafter Care Center) is an entity created by the Crow Tribe of Indians. Damages against the Care Center are sought only to the limit of its liability insurance, if any.

5. Defendant Paul Littlelight is a natural person residing in Big Horn County, Montana. Defendant is a member of the Board of Directors for the Care Center and serves as its vice-chairman.

6. Defendant Shannon Bradley is a natural person residing in Big Horn County, Montana. Defendant is a member of the Board of Directors for the Care Center.

7. Defendant Lana Three Irons is a natural person residing in Big Horn County, Montana. Defendant is a member of the Board of Directors for the Care Center.

8. Defendant Henry Pretty on Top is a natural person residing in Big Horn County, Montana. Defendant is a member of the Board of Directors for the Care Center.

10. Defendant Carla Catolster is a natural person residing in Big Horn County, Montana. Defendant is the administrator and managing employee of the Care Center.

FACTS

10. Plaintiff was employed a registered nurse at Defendant Care Center. Plaintiff earned $40.00 per hour and was provided fringe benefits that included health insurance, student loan repayment and an apartment.

11. A patient at the Care Center, J.T.E., reported to Plaintiff that he had been molested while being transported. The patient also disclosed the incident to persons working in occupational therapy at the Care Center.

12. Plaintiff reported the incident to her immediate superior, Defendant Carla Catolster. Plaintiff believes other mandatory reporters also reported the incident to the Care Center. Plaintiff understands that the actions of person transporting J.T.E. could be a federal felony offense under 18 U.S.C. § 2242.

13. When it appeared that no action was being taken on the report of molestation, Plaintiff reported the incident to law enforcement, namely the Montana Department of Public Health and Human Services, the state agency responsible for

investigating nursing home abuse for the Centers for Medicare and Medicaid Services (CMS), part of the federal Department of Health and Human Services.

14. The Montana Department of Public Health and Human Services sent investigators to the Care Center in March 2018.

15. The Centers for Medicare and Medicaid Services made a report substantiating the allegations of patient abuse. That report, or the results of the investigation were made available to Defendant Catolster on March 21, 2018.

16. After being told of the results of the CMS investigation, Defendant Catolster informed the landlord at Plaintiff's apartment that Plaintiff was no longer employed by the Care Center. Defendant Catolster directed the landlord to lock Plaintiff out of her apartment. The landlord did so.

17. The landlord allowed Plaintiff access to the apartment to retrieve her personal belongings and her car. Defendant Catolster subsequently berated the landlord for allowing Plaintiff to retrieve her personal belongings.

18. Plaintiff was not informed that her employment was terminated on March 21, 2018. She continued to work at the Care Center.

19. Plaintiff was summoned to a meeting of the Board of Directors of the Care Center on March 27, 2018. The Board members present at the meeting were Defendants Paul Littlelight, Henry Pretty on Top, Lana Three

Irons, and Shannon Bradley. Prior to the meeting the Defendants conspired to terminate Plaintiff's employment when she appeared for the meeting.

20. At the meeting, Plaintiff's employment was terminated.

21. The stated reason for the termination from employment was that Plaintiff had a gun in her car. Defendants found no gun in Plaintiff's car.

22. Assuming arguendo that Plaintiff had a gun in her car, the Care Center does not have a policy forbidding employees from having weapons in their cars.

23. The stated reason for discharge is pretextual. The true reason for the discharge was Plaintiff's report to law enforcement authorities concerning patient abuse.

24. Defendants Littlelight, Pretty on Top, Three Irons, Bradley, and Catolester conspired to retaliate against Plaintiff by terminating her employment because of her reports to law enforcement.

25. As a result of the actions of the Defendants, Plaintiff has lost her employment, including her health benefits, student loan repayment and housing.

26. Plaintiff's ability to find other comparable employment has been compromised because of the termination of her employment at the Care Center.

27. Plaintiff has suffered emotional distress from the actions of the Defendants, including, but not limited to, nightmares about her employment and

about physical confrontations with some employees. Plaintiff has also feared for her safety after the actions of the Defendants.

CAUSES OF ACTION

For her causes of actions, Plaintiff realleges paragraphs 1-27 and alleges further:

Count I -Civil RICO

28. A person violates 18 U.S.C. § 1513(e) if he or she knowingly, with the intent to retaliate, takes any action harmful to any other person, including interference with the lawful employment or livelihood of the other person, because the other person provided to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense.

29. The actions of the Defendants, terminating Plaintiff's employment and locking her out of her apartment because of her reports to a law enforcement officer, constitutes such an action harming Plaintiff in her lawful employment and livelihood. The actions were taken with the intent to retaliate.

30. Plaintiff can recover in a civil action three times the amount of damages suffered from the violation of 18 U.S.C. § 1513. *See*, 18 U.S.C. § 1964.

31. Plaintiff has suffered damages including but not limited to, loss of employment, damage to her professional reputation, loss of housing, loss of health

insurance, and emotional distress. The dollar amount of these damages will be proven at trial.

32. Defendants should be held jointly and severally liable for the damages suffered by Plaintiff. The Care Center should be liable only to the limit of any insurance it may carry.

33. Plaintiff is also entitled to recover her reasonable attorney fees in this action. 18 U.S.C. § 1964.

JURY DEMAND

34. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Money damages in an amount to be determined at trial;

2. Plaintiff's costs and attorney fees;

3. Such other relief as the court deems just.

Dated this 7th day of May, 2018.

Eakin, Berry & Grygiel, PLLC

/s/ D. Michael Eakin
D. MICHAEL EAKIN