

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 2 6 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| TAMMY WILHITE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AWE KUALAWAACHE CARE CENTER, PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY and CARLA CATOLSTER,<br><br>　　　　Defendants. | CV 18-80-BLG-SPW<br><br>ORDER |

Before the Court is the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 12). For the following reasons, the Court denies the motion.

I.    **Facts alleged in complaint**

Tammy White was employed as a registered nurse at the Awe Kualawaache Care Center. The Care Center is an entity owned by the Crow Tribe of Indians. One day, a patient at the Care Center informed White that he had been molested during transport. White reported the conversation to her supervisor. When nothing was done, White reported the incident to law enforcement. White was

1

subsequently harassed by her supervisor and terminated from employment by the Care Center. White filed suit in federal district court, alleging solely that she was entitled to damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., (RICO). The Defendants filed a motion to dismiss White's claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. Standard of review

A district court's order dismissing claims for lack of subject matter jurisdiction is reviewed de novo. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012).

## III. Discussion

The Defendants argue the Court does not have subject matter jurisdiction for three reasons. First, the Defendants argue the tribe has exclusive jurisdiction over White's claim. Second, the Defendants argue White is required to exhaust tribal remedies before filing her claim in federal court. Third, the Defendants argue tribes should be exempted from RICO under the first and third *Coeur D'Alene* exceptions.

> **A.   The tribe does not have exclusive jurisdiction over White's claim because RICO plainly confers subject matter jurisdiction on federal courts**

The Defendants argue the tribe has exclusive jurisdiction over White's claim because she voluntarily entered a consensual employment relationship with the tribe, citing the first *Montana* exception. *Montana v. United States*, 450 U.S. 544, 548 (1981). The Defendants are mistaken. Whether the tribe has jurisdiction over a hypothetical wrongful discharge claim is irrelevant. White is not suing for wrongful discharge. White is suing for a violation of RICO. RICO criminalizes racketeering and corrupt activities that harm persons and businesses engaged in interstate commerce. 18 U.S.C. § 1962. RICO also provides a civil cause of action for persons injured in their business or property by persons who violated the criminal provision. 18 U.S.C. § 1964(c). The action may be brought "in any appropriate United States district court." 18 U.S.C. § 1964(c). The Court thus has subject matter jurisdiction over claims brought under RICO. The motion is denied.

**B.    White is not required to exhaust tribal remedies because RICO grants the Court specific jurisdiction to hear the claim**

The Defendants argue White must exhaust tribal remedies before a federal court may hear her claim, citing *Booze v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004). The Defendants are mistaken and *Booze* offers no support for their position. *Booze* stands for the proposition that a federal court should refrain from accepting jurisdiction over a claim challenging tribal court jurisdiction of a matter currently pending before a tribal court until after the matter is fully exhausted in the tribal court system. 381 F.3d at 934-935. In other words, *Booze* and its ilk

3

prevent entities from wriggling out of tribal court jurisdiction—after a claim has been filed against them in tribal court—until after the tribal court has fully adjudicated the claim. *Booze* does not force persons to sue in tribal court in the first instance, however, and has no application to a case brought under RICO, which specifically grants federal courts jurisdiction to hear the claim. 18 U.S.C. § 1964(c). The motion is denied.

### C.  The first and third *Coeur d'Alene* exceptions are not present

The Defendants argue tribes should be exempted from RICO under the first and third *Coeur d'Alene* exceptions.

Laws of general applicability apply with full force to tribes unless Congress has explicitly provided otherwise. *Consumer Financial Protection Bureau v. Great Plains Lending, LLC*, 846 F.3d 1049, 1052-1053 (9th Cir. 2017). However, there are three exceptions to the rule. A federal statute of general applicability that is silent on the issue of applicability to Indian tribes will not apply to them if (1) the law touches exclusive rights of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations. *Great Plains Lending*, 846 F.3d at 1053 (citing *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115 (9th Cir. 1985)).

Regarding the first exception, the RICO Act does not touch exclusive rights of self-governance in purely intramural matters. Organized crime that controls or affects businesses engaged in interstate commerce is, by definition, not a purely intramural matter. *Great Plains Lending*, 846 F.3d at 1055 (holding Consumer Financial Protection Act of 2010 applied to tribe controlled lenders because they engaged in interstate commerce). Regarding the third exception, the Defendants themselves state the RICO Act's "legislative history makes absolutely no mention of Indian tribes or any intent on Congress' part to have this statute apply to Indian tribes." (Doc. 13 at 19). Contrary to the Defendants' assertions, the third *Coeur d'Alene* exception requires affirmative proof Congress did <u>not</u> intend to include tribes within a generally applicable statute. *Coeur d'Alene*, 751 F.2d at 1115. Because the Defendants have not shown any of the *Coeur d'Alene* exceptions apply, the motion is denied.

## IV.   Conclusion and order

The Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 12) is denied.

DATED this 25th day of July, 2018.

SUSAN P. WATTERS
United States District Judge