

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>Plaintiff,<br><br>vs.<br><br>AWE KUALAWAACHE CARE CENTER, PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY and CARLA CATOLSTER,<br><br>Defendants. | CV 18-80-BLG-SPW<br><br>ORDER |

Before the Court is the Defendants' motion to dismiss for lack of subject matter jurisdiction based on tribal sovereign immunity. (Doc. 28). For the following reasons, the Court grants the motion.

I. **Facts**

In the late 1990s, the Crow Tribe (Tribe) determined that a significant number of its tribal members were in need of an on-reservation nursing facility. (Doc. 29-2 at 4). On April 11, 1998, by tribal resolution, the Tribe established the Awe Kualawaache Care Center (Care Center), a 40 bed long-term nursing facility

1

located in Crow Agency, Montana, that provides 24-hour medical services exclusively to members of the Crow and Northern Cheyenne Tribes. (Doc. 29-1 at 2). The resolution stated the Care Center was an "instrumentality of the Crow Tribe," created to meet the medical needs of its members. (Doc. 29-2 at 4). Pursuant to tribal law, the Care Center gives hiring preference to Indians living in or near the reservation. (Doc. 29-1 at 2). Attached to the resolution was an ordinance that governed operation of the Care Center. The ordinance stated that, "[a]s an instrumentality of the Tribe, the Care Center, its officers, employees, agents and attorneys shall be clothed by federal and tribal law with all the privileges and immunities of the Tribe . . . including sovereign immunity from suit in any state, federal, or tribal court." (Doc. 29-1 at 9). The ordinance further stated sovereign immunity may only be waived in accordance with the specific procedure provided in the ordinance. (Doc. 29-1 at 9). The Care Center operates under what is known as a 638 contract, which is a contract between a tribe and the federal government that provides for tribal administration of federal programs. *Demontiney v. U.S. ex rel. Dept of Interior, Bureau of Indian Affairs*, 255 F.3d 801, 805-806 (9th Cir. 2001).

Tammy Wilhite was employed as a registered nurse at the Care Center. (Doc. 1 at 3). One day, a patient at the Care Center informed Wilhite that he had been molested during transport. (Doc. 1 at 3). Wilhite reported the conversation to

her supervisor. (Doc. 1 at 3). When nothing was done, Wilhite reported the incident to law enforcement. (Doc. 1 at 3-4). Allegedly, Wilhite was subsequently harassed by her supervisor and terminated from employment by the Care Center's board of directors. (Doc. 1 at 4-5). Wilhite filed suit in federal district court, alleging solely that she was entitled to damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., (RICO). (Doc. 1 at 6-7). Wilhite named the Care Center and its board and administrator as defendants. (Doc. 1). The individually named defendants are all members of the Tribe. (Doc. 29-1 at 3).

## II. Legal standard

A valid assertion of sovereign immunity deprives the Court of subject matter jurisdiction. *People of Cal. ex rel. Cal. Dept. of Fish and Game v. Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir. 1979). The defense of lack of subject matter jurisdiction cannot be waived and may be raised at any time. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In determining subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's complaint. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 1983). A district court may hear evidence regarding jurisdiction and resolve factual disputes when necessary. *Robinson*, 586 F.3d at 685. Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *Robinson*, 586 F.3d at 685.

3

## III. Discussion

The Defendants argue they are immune from suit under *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 725-726 (9th Cir. 2008), because the Care Center functions as an arm of the Tribe. Wilhite does not dispute the tribe's sovereign immunity extends to the Care Center. (Doc. 30 at 4). Instead, Wilhite argues (A) the Defendants may not assert sovereign immunity because the Court already determined it has subject matter jurisdiction, (B) an insurance company is precluded under 25 U.S.C. § 5321(c)(3) from asserting the Tribe's sovereign immunity as a defense, and (C) the individual defendants are not protected under sovereign immunity.

### A. The Defendants are not barred from asserting sovereign immunity

A sovereign can assert immunity "at any time during judicial proceedings." *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). Courts should entertain a sovereign immunity defense so long as the defendant provides "fair warning . . . before the parties and the court have invested substantial resources in the case." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999). Here, the Court determined it had subject matter jurisdiction over civil RICO claims in its prior order denying the Defendants' motion to dismiss on that basis. (Doc. 18). It did not address sovereign immunity because the issue was not raised at that time. However, the Defendants notified Wilhite they would raise a

sovereign immunity defense in the event the Court denied their initial motion to dismiss. (Doc. 14). Wilhite was further notified of the sovereign immunity defense during the scheduling conference, when the Court gave the Defendants a deadline to file the motion. (Doc. 27). Neither the Court nor the parties have invested substantial resources in the case yet because discovery has not begun. The Court therefore must entertain the motion because the Defendants have satisfied *Hill*'s "fair warning" standard.

### B. 25 U.S.C. § 5321(c)(3) is inapplicable because the Care Center is an arm of the Tribe, not an insurer

25 U.S.C. § 5321(c)(1) obligates the United States to obtain or provide liability insurance for tribes operating under a 638 contract. Such insurance policies must "contain a provision that the insurance carrier shall waive any right it may have to raise as a defense the sovereign immunity of an Indian tribe from suit." 25 U.S.C. § 5321(c)(3).

Wilhite asserts § 5321(c)(3) operates as a waiver of sovereign immunity because she seeks nothing more than policy limits, and thus it is really the insurance company that is asserting sovereign immunity, not the Defendants. The Ninth Circuit rejected a similar argument in *Evans v. McKay*, where it held § 5321(c)(3) exclusively applies to insurers, not tribes, and therefore did not serve as a waiver of the tribe's sovereign immunity. 869 F.2d 1341, 146 (9th Cir. 1989). Wilhite argues *Evans* is distinguishable because it dealt with a § 1983 claim rather

5

than a civil RICO claim. However, Wilhite does not articulate how or why the type of claim changes the meaning of the statute. The Court rejects Wilhite's argument as precluded under *Evans*.

### C. The individual defendants are protected under sovereign immunity because they were tribal officials or employees acting in their official capacities within the scope of their authority

If the plaintiff seeks to recover from the tribe, tribal sovereign immunity extends to tribal officials and tribal employees who act in their official capacity and within the scope of their authority. *Cook*, 548 F.3d at 726-727.

*Cook* plainly bars Wilhite's claim against the individual defendants because the acts complained of consist of official action taken by the Care Center's board and administrator and Wilhite expressly seeks to recover from the tribe.

Wilhite argues *Cook* does not apply because she seeks recovery from the tribe's insurance policy, not tribal assets. Wilhite cites no authority for the proposition that she may circumvent sovereign immunity by limiting her claim to policy limits and the Court is aware of none. Carried to its conclusion, the argument would mean tribes effectively waive their sovereign immunity by purchasing insurance, so long as a claim was limited to policy limits. Such a conclusion is at odds with Supreme Court precedent, which states sovereign immunity is not waived absent "express authorization by Congress or clear waiver by the tribe." *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523

U.S. 751, 754 (1998). The purchase of insurance hardly constitutes a "clear waiver" of immunity, as noted by other courts faced with similar arguments. *See Seminole Tribe of Fla. v. McCor*, 902 So.2d 353, 359 (Fla. Dist. Ct. App. 2005); *Atkinson v. Haldane*, 569 P.2d 151, 167-170 (Alaska 1977). The Court rejects Wilhite's final argument.

### IV. Conclusion

The Court lacks subject matter jurisdiction because the Defendants are immune from suit. The Defendants' motion to dismiss (Doc. 28) is granted.

DATED this 22nd day of October, 2018.

SUSAN P. WATTERS
United States District Judge